UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br>1629 K Street, NW, Suite 600,<br>Washington, DC 20006<br><br>                              Plaintiff,<br>     v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br>500 12th Street, SW,<br>Washington, DC 20536<br><br><br>                              Defendant. | Civil Action No. 24-119 |

**COMPLAINT**

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against U.S. Immigration and Customs Enforcement ("**ICE**" or "**Defendant**") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.   Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

3.   Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the

academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4. Defendant ICE is an agency of the U.S. Government and is headquartered at 500 12th Street, SW, Washington DC. Defendant is a component of the U.S. Department of Homeland Security ("**DHS**"). Defendant has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On September 26, 2023, Defendant received via its SecureRelease Portal a FOIA request submitted by Plaintiff which sought the following records ("**First FOIA Request**"):

> **1) Records sufficient to show the number of people encountered by CBP at the southern border, from May 12, 2023 through the date of the search, who were ordered removed from the United States at the end of expedited removal proceedings under section 235(b)(1) of the INA[1] or at the end of removal proceedings under section 240 of the INA[2], and were physically removed by ICE.**
>
> **2) Records sufficient to show the number of people encountered by CBP at the southern border, from May 1, 2022 through October 1, 2022, who were ordered removed from the United States at the end of expedited removal proceedings under section 235(b)(1) of the INA or at the end of removal proceedings under section 240 of the INA, and were physically removed by ICE.**
>
> **Information helpful to fulfilling the request: The requester would prefer responsive data to be aggregated by monthly or weekly intervals.**

---

[1] https://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title8-section1225&num=0&edition=prelim.
[2] https://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title8-section1229a&num=0&edition=prelim.

(**Exhibit 1** & **2**.)

6. On October 12, 2023, Defendant sent Plaintiff and email acknowledging receipt of its First FOIA Request, identified it as Case Number 2023-ICFO-44390, and invoked a 10-day extension pursuant to 5 U.S.C. § 552(a)(6)(B). (**Exhibit 2**.)

7. On January 2, 2024, Plaintiff emailed Defendant and requested it to provide an estimated completion date pursuant 5 U.S.C. § 552(a)(7)(B)(ii). (**Exhibit 3**.)

8. On January 4, 2024, Defendant replied to Plaintiff's estimated completion date request by stating:

> **In regard to 2023-ICFO-44390, we have queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. We will process your request as expeditiously as possible. Upon completion of the processing, all documents that can be released will be made available to you as soon as possible. We sincerely apologize for the delay you are experiencing and appreciate your continued patience.**

(**Exhibit 3**.)

9. Separately, on October 11, 2023, Defendant received via its SecureRelease Portal a FOIA request submitted by Plaintiff which sought the following records ("**Second FOIA Request**"):

> 1) **Records sufficient to show the number of aliens, from May 12, 2023 through the date of the search, who were convicted and/or removed for "Improper entry by alien" under section 275 of the INA[3].**
>
> 2) **Records sufficient to show the number of aliens, from May 1, 2022 through October 1, 2022, who were convicted and/or removed for "Improper entry by alien" under section 275 of the INA.**

---

[3] https://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title8-section1325&num=0&edition=prelim.

> **Information helpful to fulfilling the request: The requester would prefer responsive data to be aggregated by monthly or weekly intervals.**

(**Exhibit 4** & **5**.)

10. On October 21, 2023, Defendant sent Plaintiff and email acknowledging receipt of its Second FOIA Request, identified it as Case Number 2024-ICFO-01460, and invoked a 10-day extension pursuant to 5 U.S.C. § 552(a)(6)(B). (**Exhibit 5**.)

11. On January 3, 2024, Plaintiff emailed Defendant and requested it to provide an estimated completion date pursuan 5 U.S.C. § 552(a)(7)(B)(ii). (**Exhibit 6.**)

12. On January 4, 2024, Defendant replied to Plaintiff's estimated completion date request by stating:

> **In regard to 2024-ICFO-01460, we have queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. We will process your request as expeditiously as possible. Upon completion of the processing, all documents that can be released will be made available to you as soon as possible. We sincerely apologize for the delay you are experiencing and appreciate your continued patience.**

(**Exhibit 6.**)

13. For both FOIA requests described above ("**FOIA Requests**"), Defendant has failed to abide by the time limits prescribed by FOIA because as of the date of this Complaint Defendant has failed to: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

14. Moreover, Defendant has failed to provide Plaintiff with an estimated date on which Defendant will complete its action on the FOIA Requests.

## COUNT I

### FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
### (Violation of FOIA, 5 U.S.C. § 552)

15. Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16. Defendant was required to make a determination on Plaintiff's First FOIA Request no later than November 8, 2023, and no later than November 24, 2023 for Plaintiff's Second FOIA Request. Because Defendant failed to make determinations on Plaintiff's FOIA Requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

17. Defendant is in violation of FOIA.

## COUNT II

### FAILURE TO PROVIDE AN ESTIMATED COMPLETION DATE
### (Violation of FOIA, 5 U.S.C. § 552)

18. Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19. Despite Plaintiff's requests for the Defendant to provide estimated dates on which the agency would complete its action on the FOIA Requests, Defendant never provided them.

20. Defendant is in violation of FOIA

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA Requests is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA Requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Requests;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Requests and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Requests;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 11, 2024                    Respectfully submitted,

*/s/ Colin M. Farnsworth*
Colin M. Farnsworth
DC Bar # OR0022
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
Telephone: 202-466-8185 ext. 126
FAX (202) 466-8076
Email: cmf@cis.org